**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 20-cv-03808-RM-GPG

CHARLES WALDSCHMIDT,

    Plaintiff,

v.

UNION PACIFIC RAILROAD CO.,

    Defendant.

---

## ORDER

---

This putative class action brought under the Americans with Disabilities Act ("ADA") is before the Court on the Recommendation of United States Magistrate Judge Gordon P. Gallagher (ECF No. 45) to grant Defendant's Motion to Partially Dismiss Plaintiff's First Amended Class Action Complaint (ECF No. 22). Plaintiff has filed Objections to the Recommendation (ECF No. 59). For the reasons below, the Court overrules the Objections and adopts the Recommendation.

**I.    LEGAL STANDARDS**

    **A.    Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under

any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

      **B.**    **Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

**II.**    **BACKGROUND**

Plaintiff worked for Defendant as a train conductor, brakeman, and yardman beginning in 2012. (ECF No. 20 at ¶¶ 16, 18.) Plaintiff is hearing-impaired, but his hearing loss is minimal when he wears his hearing aids. (*Id.* at ¶ 17.) On April 23, 2018, Defendant required Plaintiff to sit for a hearing exam without his hearing aids and without hearing protection. (*Id.* at ¶ 77.) Two days later, Plaintiff was removed from service—that is, he was not allowed to work and was not paid. (*Id.* at ¶ 78.)

Over the following fourteen months, Plaintiff was tested several more times, including on January 2 and April 10, 2019. (*Id.* at ¶¶ 92, 96.) He did not pass the January 2 test, which was

conducted without his hearing aids, but did pass the April 10 test, which was conducted with his hearing aids. (*Id.* at ¶ 94, 98.) He returned to work on June 25, 2019.

On October 21, 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability. (*Id.* at ¶ 132.) In his statement of harm, Plaintiff explained that he had been kept out of service from April 25, 2018 to June 25, 2019 because he could not pass the hearing test without his hearing aids. (ECF No. 23-1 at 2.) He added that once Defendant "changed its position" and allowed him to wear his hearing aids, he was able to satisfy the hearing requirements and return to work. (*Id.*) Plaintiff received his "right to sue" letter from the EEOC on September 29, 2020. (ECF No. 20 at ¶ 133.) In late 2020, Plaintiff failed a subsequent hearing test and was again removed from service on December 15, 2020. (*Id.* at ¶ 99.)

On December 28, 2020, Plaintiff filed his original class action Complaint, asserting violations of the ADA on behalf of himself and the following putative class:

> Individuals who took and passed the [Federal Railroad Administration's] hearing acuity test with or without hearing aids and who nevertheless were the subjects of one or more adverse actions by [Defendant] because of their hearing acuity test results at any point between 300 days before the earliest date that a named Plaintiff in *Harris v. Union Pacific* . . . filed an administrative charge of discrimination to the resolution of this action.

(ECF No. 1 at ¶ 104.) After Plaintiff filed an Amended Complaint, Defendant moved to dismiss the class claims, the pattern-or-practice allegations, and Plaintiff's individual claim for failure to accommodate. The Motion was referred to a magistrate judge. After it was fully briefed, the magistrate judge recommended granting the Motion, thereby leaving in the case only Plaintiff's individual claims for disparate treatment and disparate impact.

### III.   ANALYSIS

Citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002), the magistrate judge determined that Plaintiff's removal from service on April 25, 2018 was a "discrete act" that provided the basis for his individual claims for violation of the ADA. (ECF No. 55 at 9.) Plaintiff did not argue to the contrary in his Response to Defendant's Motion, stating that Defendant "took the discrete step of removing [him] from service when he failed his hearing exam." (ECF No. 39 at 9.) Because Plaintiff did not file his EEOC charge within 300 days of his removal, this means his ADA claims not subject to tolling are now time-barred.[1]

Plaintiff attempts to avoid this result by arguing that he is bringing a pattern-or-practice case and by relying on the continuing violations doctrine. *See Bruno v. W. Elec. Co.*, 829 F.2d 957, 960 (10th Cir. 1987) ("Under the continuing violation theory, a plaintiff who shows a continuing policy and practice that operated within the statutory period has satisfied the filing requirements."); *see also Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1186 n.3 (10th Cir. 2003) ("The question of how Title VII's filing deadlines should be applied to pattern-or-practice claims based on a series of discriminatory acts, some of which occurred outside the limitations period, has been left unanswered by the [Supreme] Court, and we do not consider it here."). The magistrate judge declined to apply the continuing violations doctrine in this context, stating that since *Morgan*, this Circuit has declined to apply it, "even if the discrete acts were a part of a company-wide or systemic policy." (ECF No. 55 at 12-13 (citing *Davidson* and *McDonald v. Sch. Dist. No. 1*, 83 F. Supp. 3d 1134 (D. Colo. 2015)).) The Court agrees with the magistrate judge's analysis.

---

[1] Defendant concedes that Plaintiff's disparate impact and disparate treatment claims were tolled by *Harris v. Union Pacific Railroad Co.*, 953 F.3d 1030, 1032 (8th Cir. 2020), a separate putative class action asserting broader challenges to Defendant's fitness-for-duty policy. (*See* ECF No. 55 at 10.)

*Morgan* states that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and holds that "[e]ach incident of discrimination . . . constitutes a separate actionable 'unlawful employment practice.'" 536 U.S. at 114. The Court discerns no principled basis for distinguishing Plaintiff's being taken out of service from the "discrete acts" listed there. Thus, Plaintiff had 300 days from April 25, 2018, the date that discrete act occurred, to file a timely EEOC charge. *See Davidson*, 337 F.3d at 1185-86 (concluding that the limitations period begins to run for each discrete discriminatory act, "even if the discrete act was part of a company-wide or systemic policy"). He failed to do so. Moreover, the *Morgan* court distinguished hostile work environment claims from claims based on discrete discriminatory acts, noting that the former naturally involve repeated conduct and "cannot be said to occur on any particular day." 536 U.S. at 115. Whatever vitality the continuing violations doctrine continues to have in this Circuit outside the context of a hostile work environment claim, the Court is not persuaded that it applies here.

Plaintiff next contends that even if the continuing violations doctrine does not apply, each hearing test he endured constituted a discrete act. There is no dispute that his January 2019 test was within the limitations period. But the problem with this contention is that Plaintiff's EEOC charge does not mention the ongoing hearing tests.[2] Rather, the charge describes "the incident at issue in this charge" as occurring on April 25, 2018, when Defendant told him he was required to pass the hearing test without his hearing aids and then removed him from service. (ECF No. 23-1 at 2.) Although the charge also states that Defendant "kept [him] out of service from

---

[2] To the extent Plaintiff relies on conduct occurring after his EEOC charge, including his second removal from service, he has failed to exhaust such a claim. *See Eisenhour v. Weber County*, 744 F.3d 1220, 1227 (10th Cir. 2014) ("Under the new [post-*Morgan*] test, each act of retaliation must be separately exhausted, even when acts that post-date the EEOC complaint reasonably relate to others presented to the EEOC.").

April 25, 2018 to June 25, 2019" (*id.*), it refers to no other discrete act which could have revived the limitations period. Plaintiff cites no authority for the proposition that by citing a date range in his EEOC charge, he has exhausted all possible claims arising from Defendant's conduct during that timeframe. The Court finds that such a rule would not advance the policy goals behind the exhaustion requirement, which is discussed further below.

Plaintiff correctly points out that precise pleading is not required in EEOC charges and that claims in a subsequently filed complaint are deemed administratively exhausted if they are reasonably related to the allegations in the EEOC charge. *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). However, the purpose of the exhaustion requirement, in addition to giving notice of the alleged violation to the charged party, is "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." *Smith v. Cheyenne Ret. Invs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). Plaintiff's EEOC charge could not have provided such an opportunity because the incident giving rise to the charge arose outside the limitations period and because Plaintiff stated that Defendant had since "changed its position" and allowed him to test with his hearing aids. (ECF No. 23-1 at 2.) Thus, the Court is not persuaded that Plaintiff's January 2019 test falls within the scope of an EEOC investigation which would reasonably grow out of the charges actually made by Plaintiff. *See id.* at 1164-65. Moreover, another reason for liberally construing EEOC charges is that they are regularly filled out by employees who do not have the benefit of counsel. But that rationale does not apply here, where Plaintiff has been represented by counsel throughout the proceedings. (*See* ECF No. 55 at 10.) Accordingly, the Court rejects Plaintiff's contention that the magistrate judge erred by concluding that Plaintiff failed to exhaust any claim based on the January 2019 test.

Finally, Plaintiff contends that the magistrate judge erred by recommending dismissal of his failure to accommodate claim, arguing that he and Defendant were engaged in the informal, interactive process for determining an appropriate accommodation within the 300-day limitations period. But the magistrate judge did not determine that Plaintiff's failure to accommodate claim was untimely; rather, he concluded that this claim was likely subject to tolling along with Plaintiff's other individual claims had Plaintiff not conceded it by failing to respond to Defendant's argument on this point. (*See* ECF No. 55 at 14-18.) Plaintiff does not meaningfully address this aspect of the Recommendation, instead arguing that the claim is timely because he the informal process was ongoing during the limitations period. But once again, Plaintiff's EEOC charge fails to mention any discrete act or even the ongoing discussions related to finding accommodations. Further, Plaintiff does not identify any request for or denial of a specific accommodation that would support such a claim. Therefore, the Court finds that dismissal of this claim is appropriate.

## IV.   CONCLUSION

The Court ORDERS as follows:

(1)   Plaintiff's Objections (ECF No. 59) are OVERRULED,

(2)   the Recommendation (ECF No. 55) is ACCEPTED, and

(3)   Defendant's Motion to Partially Dismiss (ECF No. 22) is GRANTED.

DATED this 4th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge